IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIAM AND KAREN GIDDINGS**, | ) ) | |
| Plaintiffs, | ) ) | 5:13-cv-00216 (CAR) |
| v. | ) ) | |
| **STEPHEN MARK MCDANIEL,** | ) ) ) | |
| Defendant. | ) ) | |

## DISCOVERY STATUS REPORT

In accordance with the Court's Rules 16 and 26 Order dated July 19, 2013 and this Court's Memorandum dated December 4, 2013, the parties to this action conferred and jointly submit this Discovery Status Report.

**I.      Status of Written Discovery**

**Plaintiffs' Statement:**  The parties served their initial disclosures on September 15, 2013.  On September 30, 2013, Plaintiffs served Defendant with comprehensive written discovery including forty-five requests for admissions, seven interrogatories and eighteen requests for production.  Defendant invoked the Fifth Amendment and refused to answer each and every interrogatory and request for admission.  In response to plaintiffs' requests for production, defendant

generally asserted that he did not have any responsive materials except for materials received from the State of Georgia in connection its ongoing prosecution of defendant for murder.  Defendant provided plaintiffs with a copy of the materials his counsel received from the State of Georgia, which materials were produced to plaintiffs on November 22, 2013 in electronic form on forty-four (44) CDs.  Plaintiffs are currently reviewing this production and will complete their review in December before any fact depositions are conducted.  Plaintiffs anticipate that initial fact depositions will commence in January 2014 and continue through the close of discovery on June 30, 2014.

**Issues with written discovery**: Plaintiffs will be conferring with defendant on various issues as to the completeness of his responses to discovery.  For example, plaintiffs requested various materials that have not been produced, including defendant's computers, all records of potentially relevant credit card transactions or other purchase transactions (e.g., the purchase of the hacksaw used on Lauren Giddings) and any and all communications (including email communications) with and/or related to Lauren Giddings.  In response to requests like these, defendant recites "none."  See Responses to Requests 10, 11, 13. Yet, the evidence available to plaintiffs, including the evidence collected thus far by the State of Georgia and produced to defendant, which defendant has now

produced to plaintiffs, shows that McDaniel possessed computers, used computers, engaged in email transmissions and internet postings, admitted to his mother that he purchased the hacksaw used on Lauren Giddings, moved to suppress the introduction of credit card receipt or store receipt evidence, engaged in relevant credit card purchases during the period immediately preceding the murder and engaged in various email correspondence with Lauren Giddings. The response of "none" in response to requests for these materials is demonstrably incorrect. To the extent responsive items like computers have been seized by the State, defendant should so respond. To the extent that defendants' electronic records and documents (including records stored on computers used by him at his family home) are currently held by or stored by his family, they are subject to his custody and control and should be produced. Defendant has custody and control over his email and credit card accounts and should be able to produce responsive information, instead of asserting erroneously that "none" of those materials exist within his possession, custody or control. Plaintiffs will be conferring with defense counsel on these issues.

**Defendant's Statement:**

Defendant intends to take various depositions in accordance with the potential witnesses listed in the defendant's initial disclosure.

## II. <u>Depositions and Other Discovery</u>

Following the completion of review of defendant's document production, plaintiffs anticipate that initial fact depositions will commence in January 2014 and continue through the close of discovery on June 30, 2014.  Plaintiffs have listed a total of 26 potential fact witnesses in their initial disclosures.  Plaintiffs intend to seek the production of discoverable information under Rule 45 of the Federal Rules of Civil Procedure from third-parties (including defendant's parents and siblings to the extent they possess information relating to defendant's long held plan to commit murder and dismember his victim).  Plaintiffs also anticipate seeking inspection of various properties under Fed. R. Civ. P. 45 in search of Lauren Giddings' missing body parts and other evidence relating to her murder and dismemberment.

## III. <u>Expert Discovery Issues</u>

Upon written motion by the parties, this Court extended the deadlines for expert designations to March 30, 2014 for plaintiffs and April 30, 2014 for Defendants.

Respectfully submitted, this 13th day of December 2013.

| /s/ Kristin S. Miller | /s/Floyd M Buford |
|---|---|
| | Floyd M. Buford, Jr. |
| Richard A. Schneider | Georgia Bar. No. 093805 |
| Georgia Bar No. 629569 | *Attorney for Defendant Stephen* |
| **KING & SPALDING LLP** | *McDaniel* |
| **1180 Peachtree Street** | |
| **Atlanta, Georgia 30309** | 136 College Street |
| **Ph. 404.582.4889** | Macon, Georgia 31201 |
| dschneider@kslaw.com | (478) 742-3605 |

Kristin S. Miller
Georgia Bar No. 805833
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404.443.6732
ksmiller@bakerdonelson.com

*Attorneys for Plaintiffs William and Karen Giddings.*